IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAY FRANCE,

Plaintiff,

v.

DISTRICT ATTORNEY CHARLES EYSTER,

Defendant.

No. C 19-6141 WHA (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

Plaintiff, an inmate in the Mendocino County Jail, filed this pro se civil rights case under 42 U.S.C. § 1983 against the Mendocino County District Attorney Charles Eyster for submitting false testimony and plaintiff's probation hearing. Plaintiff requests monetary compensation and to have Eyster criminally charged and barred from his law in the United States. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed.

### ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendant coerced a witness into giving false testimony against plaintiff at plaintiff's probation hearing.

Plaintiff's claims for damages are barred. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487. *Heck* applies

to claims that, if true, call into question the validity of a probation or parole determination. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (prisoner may not question in a Section 1983 suit the validity of the confinement resulting from a parole-revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (*Heck* bars § 1983 action challenging revocation of supervised release); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 (9th Cir. 2004) (challenge to the denial of parole based upon deceit and bias by parole board is barred by *Heck* because it implies the invalidity of the inmates' confinement). Plaintiff's claim that the prosecutor knowingly presented false testimony at his probation hearing would, if true, necessarily undermine the validity of the probation decision. Consequently, this claim is barred by *Heck*.

Plaintiff's request to have the defendant disbarred and criminally charged is beyond the purview of the courts. Those decisions rest with the state bar and law enforcement agencies, respectively.

**CONCLUSION**

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. This dismissal is without prejudice to plaintiff re-filing his damages claims if the probation decision is expunged, reversed, invalidated, or otherwise called into question.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November __18__, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE